IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LUIS ARTURO AGUILAR, § | | |
| #10143184 § | | |
| v. § | | C.A. NO. C-08-298 |
| § | | |
| JAMES PARIS, ET AL. § | | |

## ORDER GRANTING APPEARANCE AS *AMICUS CURIAE*

Plaintiff is an inmate incarcerated at the Nueces County Jail who filed a civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). Pending is the Nueces County Attorney's Office's request to appear as *amicus curiae* and file records under seal relevant to plaintiff's complaint. (D.E. 10).

Plaintiff alleges that he was assaulted by James Paris,[1] another inmate at the Nueces County Jail on October 9, 2007. (D.E. 1-3, at 1). He further asserts that officials at the Nueces County Jail failed to protect him or investigate his claims about the attack. Id.

Although the Nueces County Attorney's Office seeks to intervene as *amicus curiae*, this action is still in its preliminary stages. On September 8, 2008, plaintiff was sent a notice of deficient pleading instructing him to either pay the $350.00 filing fee or to submit a motion to proceed *in forma pauperis* with a certified copy of his trust fund account statement for the past six months. (D.E. 2). On September 23, 2008, he filed a response indicating that he was indigent and still requesting an investigation. (D.E. 10). However, to date, he has not complied with the notice of deficient pleading.

---

[1] In the pending motion, the Nueces County Attorney's Office indicates that records reveal the correct name of the attacker is James Wriley Poris. (D.E. 10, at 2).

Additionally, no defendants have been served in this case.  Prior to any order of service, a Spears[2] hearing would be scheduled to clarify plaintiff's claims and defendants.  However, the Spears hearing will be scheduled only after plaintiff corrects the problems addressed in the notice of deficient pleading.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  Plaintiff's action is subject to screening regardless of whether he prepays the entire filing fee, or proceeds as a pauper.  Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam).  Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  Thus, any investigation report filed by the Nueces County Attorney's Office would not be considered for purpose of § 1915A screening during the Spears hearing as it would constitute a document outside of plaintiff's complaint.

Nonetheless, the Nueces County Attorney's Office may file the the Nueces County Sheriff's Office investigation report.  It must also serve a copy on the plaintiff.  Accordingly, the Nueces County Attorney's Office's request to appear as *amicus curiae* and file records under

---

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

seal relevant to plaintiff's complaint, (D.E. 10), is hereby GRANTED.

ORDERED this 26th day of September 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE