IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LUIS ARTURO AGUILAR | § | |
|     ID #10143184-8D | § | |
| v. | § | C.A. NO. C-08-298 |
| | § | |
| JAMES PORIS, ET AL. | § | |

## ORDER DISMISSING CERTAIN CLAIMS AND RETAINING ACTION

This is a civil rights action filed by a prisoner incarcerated at the Nueces County Jail pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's claims against James Poris are dismissed for failure to state a claim because this defendant is not a state actor under § 1983. However, upon plaintiff's motion, Nueces County is substituted as the proper party defendant in the place of Nueces County Jail. The Nueces County Jail is dismissed, and plaintiff's municipal liability claims against Nueces County are retained.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of the plaintiff, (D.E. 6), this case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment. See 28 U.S.C. § 636(c).

## II. BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is currently detained in the Nueces County Jail, in Corpus Christi, Texas. He filed this lawsuit on September 8, 2008, and named as defendants James Poris and Nueces County Jail. (D.E. 1).[1] A Spears[2] hearing was conducted on October 22, 2008. The following allegations were made in plaintiff's original complaint, or at the hearing.[3]

In the fall of 2007, plaintiff was in the Nueces County Jail. On October 8, 2007, his cell mate for the past five months was transferred to the penitentiary. Plaintiff was briefly alone that morning. However, at approximately 11:00 a.m., jailers brought inmate James Poris to plaintiff's cell, and placed him in it. Poris was covered in blood from an earlier fight with another inmate.

Poris was agitated from the earlier fight. He asked plaintiff for a cup for water because he wanted to take his medications when the nurses came on medical rounds at noon. Poris stood

---

[1] Plaintiff originally named as defendant James Paris, but his true and correct surname is Poris. (D.E. 13, at 2, 7).

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

[3] Plaintiff is not fluent in English. The main portion of his complaint was written in Spanish and translated to English. An interpreter translated at the October 22, 2008 evidentiary hearing.

2

at the cell door waiting for his medicine. When medical staff came, however, they did not give him his medication.

Poris went to sleep for the afternoon. He awoke at about 5:00 p.m. and then waited at the cell door for afternoon medications. However, he did not receive medications that afternoon. At 2:00 a.m. on October 9, 2007, Poris did not go out of the cell with plaintiff for breakfast.

During morning medical rounds on October 9, 2007, Poris got a cup of water in anticipation for his medicines, but when medical came by, he again did not get his medication. Poris got mad and started cursing. In fact, he spent the day cursing and pacing in the cell. He did not get his medication at 2:30 p.m.

At the 7:00 p.m. shift change, Officer King and Officer Lopez were conducting roll call. Plaintiff and Poris were standing in the cell doorway looking outward. Plaintiff noticed that Poris moved away from the door and went behind a chair in the cell, and got a towel. Poris rolled up the towel and then came behind plaintiff and began choking him. Plaintiff lost consciousness. He was taken to the hospital where he was treated for strangulation injuries.

Plaintiff has no lasting injuries. He is suing Poris for trying to kill him. He is suing Nueces County for knowingly placing a dangerous person in the cell with him and for failing to give Poris his medications to help control his mental illness.

### III.  DISCUSSION

**A.     Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."

West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed.  Id. (citation omitted).

**B.    Plaintiff's Claim Against James Poris.**

Plaintiff named inmate James Poris as a defendant in this action.  However, the purpose of § 1983 is to provide a remedy against those individuals who either are acting on behalf of the state or who cloak themselves with such authority.  West, 487 U.S. at 48; Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 460 (5th Cir. 2003) (per curiam) (a private entity acts under color of state law when that entity performs a function that is traditionally the exclusive province of the state).

In this case, James Poris was neither a state actor nor performing a function that is traditionally the exclusive province of the state.  Indeed, he is a private individual, who, at the time of the assault on plaintiff, was in the *custody* of Nueces County.  Plaintiff knew that Poris was an inmate, and was aware that he was not employed by Nueces County, and as such, did not act on behalf of Nueces County.  Accordingly, plaintiff's § 1983 claims against defendant James Poris are dismissed for failure to state a claim.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).[4]

---

[4] Nothing herein prevents plaintiff from raising personal injury and other tort claims against Poris in state district court.

**C.     Plaintiff's Claim Against Nueces County.**

**1.     Plaintiff cannot sue a county department.**

Plaintiff originally named Nueces County Jail as a defendant. (D.E. 1). At the evidentiary hearing, plaintiff moved to dismiss Nueces County Jail, and substitute in its place, Nueces County.

The Nueces County Jail, as a department of Nueces County, does not enjoy a separate legal existence from the county, and as such, is not a proper party. Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991). Thus, plaintiff's oral motion to dismiss the Nueces County Jail and substitute Nueces County in its place is granted.

**2.     Plaintiff can assert a claim of municipal liability.**

Plaintiff seeks to hold Nueces County liable for the injuries he sustained as a result of James Poris attacking him. He contends that Nueces County Jail officials knew Poris was dangerous because he had been in a fight that morning, and because he was taking medication to control his mood; however, despite this knowledge, officials failed to place Poris in a single man cell, or, failed to give Poris his medication.

For a municipality to be liable under § 1983, there must be: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. See Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978); Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001). These three elements "are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." Piotrowski, 237 F.3d at 578. "Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of

5

official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." Id. (citation omitted).  An "official policy" "may be either a written policy or 'a persistent widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'" Lawson v. Dallas County, 286 F.3d 257, 263 (5th Cir. 2002) (quoting Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)).  There must be a link between the policy and the constitutional violation, and the policy must be maintained with an objective deliberate indifference to a constitutionally protected right.  Id.

At the Spears hearing, plaintiff suggested that Nueces County Jail officials have a policy of keeping costs down by housing even the most violent prisoners with cell mates rather than in single-man cells, and by failing to provide medications to inmates when needed, leading to a violation of his right to be free from cruel and unusual punishment.  He claims that officials knew that Poris was violent as he had just gotten in a fight the same morning he was placed in a cell with plaintiff.  He claims that they also knew he was on medication because Poris repeatedly told them at each medical round.  However, rather than house him in a single cell to "cool off" from the fight, or provide him with his necessary medications, they have implemented a policy of cutting costs by housing Poris and plaintiff together and "forgetting" Poris' medications.

The facts as presented by plaintiff allege sufficient detail to survive § 1915A screening.

### IV.  CONCLUSION

For these reasons, plaintiff's § 1983 claims against James Poris are dismissed for failure to state a claim.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).  Nueces County Jail is dismissed.

Plaintiff's municipal liability claims against Nueces County are retained, and service will be ordered on this defendant.

ORDERED this 28th day of October 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE