IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LUIS ARTURO AGUILAR, | § | |
| #10143184 | § | |
| v. | § | C.A. NO. C-08-298 |
| | § | |
| NUECES COUNTY, TEX. | § | |

## ORDER APPOINTING COUNSEL

This civil rights action was filed by a pre-trial detainee at the Nueces County Jail pursuant to 42 U.S.C. § 1983.  Pending is plaintiff's motion for the appointment of counsel. (D.E. 44).  Specifically, he seeks an attorney because he does not speak or read English and cannot find anyone to assist him to respond to defendant's motion for summary judgment.

On September 8, 2008, plaintiff filed his original complaint in Spanish.  (D.E. 1).  On October 22, 2008, a Spears hearing[1] was conducted with the use of a Spanish interpreter.  In addition to his complaint and the pending motion, he has filed several letters in Spanish with the Court regarding his action as well as a motion to call witnesses on his behalf.  (D.E. 15, 16, 22, 23, 28, 37).  On April 28, 2009, a telephonic hearing regarding the motion to call witnesses was held in which a Spanish interpreter was used.[2]

A district court should appoint counsel when "'exceptional circumstances'" exist.  Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987) (quoting Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)).  The Fifth Circuit has enunciated several factors that the Court

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

[2] On December 17, 2008, plaintiff also filed a second complaint in Spanish against defendants in Aguilar v. Nueces County, C-08cv392 that was consolidated with this action.  (D.E. 30).

should consider in determining whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence.  The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case.

Jackson, 811 F.2d at 262 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)); accord Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997).

The inability to speak or read English significantly hinders plaintiff's ability to investigate and develop his claim as well as present his case, particularly in response to defendant's motion for summary judgment.  In appointing counsel for a Spanish-speaking pro se plaintiff, the Seventh Circuit concluded that his "*pro se* filings indicate that he has some difficulty with the English language.  For this reason, he is not particularly capable of presenting his own case."  Castillo v. Cook County Mail Room Dep't, 990 F.2d 304, 307 (7th Cir. 1993) (per curiam); see also Gomez v. Myers, 627 F. Supp. 183, 189 (E.D. Tex. 1985) ("given the communication barriers that Gomez has faced in presenting his claims, an attorney is needed to represent the Spanish-speaking litigant and provide the court the benefits of an adversary proceeding").  Defendant has filed a fifteen-page motion for summary judgment with numerous citations to case law as well as eight exhibits totaling over four hundred pages.  (D.E. 42).  Based on his lack of ability in English as well as the lack of anyone available to assist him, exceptional circumstances exist warranting the appointment of counsel.

Accordingly, plaintiff's request for the appointment of counsel, (D.E. 44), is hereby GRANTED.  Attorney Liana Gonzales, 403 Waco Street, Corpus Christi, Texas 78401, Phone:

361-654-7575, is appointed to represent plaintiff.  The Clerk shall provide Ms. Gonzales with the standard packet of information provided to lawyers appointed in civil cases and a copy of the current docket sheet.  At Ms. Gonzales' request, the Clerk shall provide copies of any pleadings requested by counsel at no charge.

    ORDERED this 30th day of June 2009.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE