IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LUIS ARTURO AGUILAR | § | |
| | § | |
| v. | § | C.A. NO. C-08-298 |
| | § | |
| NUECES COUNTY, TEX. | § | |

**OPINION AND ORDER GRANTING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This is a civil rights action filed by a detainee at Nueces County Jail pursuant to 42 U.S.C. § 1983. Pending is Defendant's motion for summary judgment. (D.E. 42). For the reasons stated herein, Defendant's motion is hereby GRANTED.

**I. JURISDICTION**

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. After consent by the parties, (D.E. 6, 24), this case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 27); see also 28 U.S.C. § 636(c).

**II. PROCEDURAL HISTORY**

On September 8, 2008, Plaintiff filed this action raising civil rights claims against James Poris, an inmate at Nueces County Jail, and the jail itself. (D.E. 1). Following an October 22, 2008 Spears[1] hearing, an Order was entered to dismiss certain claims and retain the case on October 28, 2008. (D.E. 20). Specifically, the claims against Defendant Poris were dismissed for failure to state a claim as he was not a state actor pursuant to § 1983, Nueces County was substituted as the proper party defendant in place of Nueces County Jail, and Plaintiff's

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (testimony given at a Spears hearing is incorporated into the pleadings).

municipal liability claim against Nueces County was retained. Id. On May 15, 2009, Defendant filed its motion for summary judgment. (D.E. 42).[2] Plaintiff filed his response in opposition on October 12, 2009. (D.E. 48).

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff claims that Defendant violated his Eighth Amendment right against cruel and unusual punishment by placing inmate Poris in his cell with him because Defendant had reason to know that Poris posed an imminent danger to others and Defendant failed to give Poris his medication to control his mental illness, thus, making Defendant liable for Poris' attack on Plaintiff. (D.E. 20, at 3).

### IV. SUMMARY JUDGMENT EVIDENCE

On October 8, 2007, Plaintiff was being held in Nueces County Jail, (D.E. 20, at 2), being detained on murder charges. (D.E. 42, at Ex. B at 50). That same day, inmate Poris was placed in Plaintiff's cell after being involved in a fight. (D.E. 20, at 2). He was agitated and covered in blood. Id. While in the cell, Poris requested medication once that day and again the next day, being denied both times. Id. at 2-3. On October 9, 2007, he became frustrated because he had not received his medication and began pacing the cell and swearing. Id. at 3. Subsequently, he attempted to strangle Plaintiff with a rolled-up towel. Id. Plaintiff was hospitalized for his injuries, none of which were lasting. Id.

Poris was in the Nueces County Jail after being arrested for unauthorized use of a motor vehicle, parole violation, criminal mischief, and attempted escape. (D.E. 42, at Ex. B-2 at 14).

---

[2] Plaintiff was appointed counsel to represent him because he does not read or speak English and could find no one to assist him in responding to the motion for summary judgment. Aguilar v. Nueces County, Tex., No. C-08-298, 2009 WL 1883899 (S.D. Tex. June 30, 2009).

His Initial Custody Assessment score was a 15, which was more than double the point score necessitating maximum custody. (D.E. 48, at Ex. B at 1). His Inmate Classification Profile noted that he appeared to have a substance abuse problem, had attempted suicide when he was twelve years old, had been treated for depression and anxiety in 2003, had enemies in the jail, and that he should be placed on suicide watch with 15-minute check-ups. Id. at Ex. C at 3-9. It also noted, however, that his emotional status appeared stable in his interview, he did not appear to be a significant threat to others, and that he had no or minor institutional disciplinary history. Id. Nothing in the record indicates that he was prescribed medication of any kind at the time.

While Poris was in custody, the jail staff received multiple communications from, and regarding, Poris soon before his attack on Plaintiff. First, on October 3, 2007, Officer Garza found a hand-written note saying Poris had "got his ass beat. He's pretty bad!" (D.E. 42, at Ex. B-2 at 85-86). Poris was transferred to another unit, but first was examined by a nurse who found he had minor contusions on his arm and head, the source of which was unclear. Id. at Ex. B-2 at 85. In any event, Poris denied that he had been in a fight and signed Non-Prosecution Affidavits for all the men in his unit. Id. at Ex. B-2 at 87-95, 97. Second, Poris wrote in an Inmate Communication Form the day before he was transferred into Plaintiff's cell, "Could I please see someone for help? I am hearing voices and seeing people that others don't always see. I am also having problems sleeping. I haven't slept in about 2 weeks or more." Id. at Ex. B-2 at 66. Third, on October 8, 2007, he wrote in separate Communication Forms, "Could I please be moved to a lockdown cell? I just got sentenced and don't feel right in population," and, "Could I please receive some psych. medication for sleep?" Id. at Ex. B-2 at 39, 70. Finally, that same day, Officer Drios received a call from Poris saying that "he needed to be

moved right away for his safety." Id. at Ex. B-2 at 38.

At the Nueces County Jail, it is policy to assign each inmate a custody level of maximum, medium, or minimum custody based on: (a) current offense or conviction; (b) offense history; (c) escape history; (d) Institutional Disciplinary History; (e) prior convictions; (f) alcohol and/or drug abuse; and (g) stability factors. (D.E. 42, at Ex. D at 5). These levels are to be monitored daily. Id. Usually, inmates in each custody level are housed separately, but sometimes, high-medium custody inmates are housed with maximum custody inmates and low-medium custody inmates are housed with minimum custody inmates. Id. Furthermore, special custody placements exist for protective custody, administrative separation, disciplinary separation, and medical and mental health housing. Id.

## V.  DISCUSSION

Defendant seeks summary judgment and dismissal of Plaintiff's claims on the grounds that they are without merit. (D.E. 42, at 1).

### A.    The Standard Of Review For Summary Judgment Motions.

Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions

on file, and affidavits, if any, which support its contention.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.     There Is A Genuine Issue Of Material Fact Regarding Plaintiff's Eighth Amendment Claim.**

Plaintiff claims that Defendant failed to protect him by placing inmate Poris in Plaintiff's cell, thus, violating his Eighth Amendment rights, because Poris was dangerous and Defendant failed to give him medication.  "[P]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners."  Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citation omitted); accord Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002).  "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability

for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834.  To succeed on a failure to protect claim, "'the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm' and that the prison officials acted with 'deliberate indifference' to the inmate's safety." Johnson v. Johnson, 385 F.3d 503, 524 (5th Cir. 2004) (citing Farmer, 511 U.S. at 834).  "An official is deliberately indifferent when he 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (citing Farmer, 511 U.S. at 837).  "The official's knowledge of the risk can be proven through circumstantial evidence, such as by showing that the risk was so obvious that the official must have known about it." Id. (citing Farmer, 511 U.S. at 842).  Finally, "there is no liability if the official 'responded reasonably to the risk, even if the harm ultimately was not averted.'" Id. (citing Farmer, 511 U.S. at 844).

    In this case, there are genuine issues as to whether inmate Poris posed a substantial risk of serious harm to Plaintiff and whether the jail officials were deliberately indifferent to Plaintiff's safety.  Taking the facts in the light most favorable to Plaintiff, Poris posed a substantial risk of serious harm to Plaintiff.  He entered the jail on charges of attempted escape, claimed to have enemies in the jail, possibly had substance abuse problems, had documented mental health issues, and a suicidal history.  All this was enough for jail officials to assign him a custody score of 15, which was more than twice the threshold level for maximum custody, and place him on suicide watch with 15-minute check-ups.  Moreover, from various communications by and about Poris, jail officials were made aware that he possibly was involved in violent fights and possibly needed a mental health evaluation.  Finally, Plaintiff alleges Poris was placed in

Plaintiff's cell so recently after a fight that he remained bloodied.

On the other hand, Plaintiff never establishes that Poris was indeed supposed to receive medication. He asserts that Poris needed medication based on nothing more than Poris' unilateral requests for it, but never shows that Poris was prescribed medication even though he had been evaluated at intake and seen by at least one health professional during his time in custody. Nevertheless, it appears Poris posed a substantial risk to Plaintiff even if he did not require medication.

Taking the facts in the light most favorable to Plaintiff, jail officials acted deliberately indifferently to Plaintiff's safety. They knew from Poris' record that he had issues with mental health and suicide. They also had reason to believe that he was involved with fights serious enough to cause contusions and, as Plaintiff alleges, bleeding. Additionally, jail officials knew from his attempted escape that he could be dangerous and indeed assessed him as more than doubly requiring maximum custody status. Accordingly, it appears Defendant acted with deliberate indifference because it was aware of Poris' danger to others and risked placing him in Plaintiff's cell anyway.

## C. Plaintiff Has Not Shown A Policy Or Custom Sufficient To Support Municipal Liability In A § 1983 Claim.

Plaintiff claims that Defendant, a county government, is liable pursuant to § 1983 for failing to protect him, thus, violating his Eighth Amendment rights. However, the existence of a question of fact regarding Eighth Amendment rights does not establish that Defendant is liable.

For a municipality to be liable pursuant to § 1983, there must be: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or

custom." Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)).  These three elements "are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." Id.

An "official policy" "may be either a written policy or 'a persistent widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'" Lawson v. Dallas County, 286 F.3d 257, 263 (5th Cir. 2002) (quoting Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)).  There must be a link between the policy and the constitutional violation, and the policy must be maintained with an objective deliberate indifference to a constitutionally protected right. Id.  An isolated incident is insufficient to show a custom. Bennett v. City of Slidell, 728 F.2d 762, 768 n.3 (5th Cir. 1984) (en banc) (citations omitted).  Rather, a plaintiff must show "persistent, often repeated violations" in order to hold a municipality liable pursuant to § 1983. Campbell v. City of San Antonio, 43 F.3d 973, 977 (5th Cir. 1995); see also Pineda v. City of Houston, 291 F.3d 325, 329 (5th Cir. 2002) (practice leading to constitutional violations must be "persistent and widespread").

Here, Plaintiff fails to establish any policies or customs that were the moving forces violating Plaintiff's Eighth Amendment rights.  First, he argues that Defendant is liable for placing inmate Poris in his cell when jail policy called for Plaintiff to be isolated at the time, seemingly because Plaintiff was involved in an altercation. (D.E. 48, at 3, 9).  This was not done as a matter of policy, but rather in the face thereof.  Moreover, the fact that Plaintiff had to be

isolated because of an altercation is not relevant to whether Poris was a danger to Plaintiff.

Additionally, Plaintiff argues that the jail policy of allowing inmates of different custody levels to be housed together substantially risked serious harm to Plaintiff.  Significantly, though, Plaintiff provides no evidence regarding his or Poris' custody levels, which could change daily, on either October 8, 2007 or October 9, 2007.  Furthermore, even if Plaintiff was indeed of a lower custody level than Poris, Plaintiff does not show that a certain custody level equates with a certain level of danger so as to put Defendant on notice that Plaintiff was endangered by sharing a cell with Poris.

Second, Plaintiff argues that the jail had a practice of ignoring medical and mental needs of inmates, which placed them in harm's way.  To prove this, he offers the fact that Poris twice requested mental help and medication, and that he was allegedly involved in a fight, which Poris denied occurring and for which he was examined by a nurse.  He offers no evidence concerning other inmates, incidents, or time periods.  Three incidents with one inmate are not enough to establish a jail-wide practice of ignoring the needs of inmates, especially when one of those instances involved the inmate receiving medical help.

## VI.  CONCLUSION

Based on the foregoing, Defendant's motion for summary judgment, (D.E. 42), is hereby granted.

Ordered this 20th day of October 2009.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE